IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 03-173-2 |
| EDWARD CASTRO, JR. : | |

**SURRICK, J.**                                                                                                          APRIL __3__, 2012

### MEMORANDUM

Presently before the Court is Defendant Edward Castro Jr.'s Motion for Return of Property. (ECF No. 337.) For the following reasons, the Motion will be denied.

**I.     BACKGROUND**

On August 10, 2004, Defendant Edward Castro, Jr., pleaded guilty to conspiracy to distribute cocaine base, possession of cocaine base with intent to distribute, and possession of cocaine base with intent to distribute within one thousand feet of a school. (Judgment, ECF No. 298.) Defendant was sentenced to 324 months imprisonment. (*Id.*)

On August 20, 2007, Defendant filed the instant Motion for the return of forfeited property under Federal Rule of Criminal Procedure 41(g). (Def.'s Mot., ECF No. 337.) Defendant claims that the Government did not provide adequate notice regarding the forfeiture of Defendant's property, which includes (1) $13,850.00 in cash seized from a safety deposit box in the name of Ramona Gilbert, (2) $2,176.00 seized from Ms. Gilbert's house in Sinking Spring, Pennsylvania, and (3) a 64-inch television set. (Def.'s Mot. 1-2.) Defendant further claims that the Government never filed the appropriate forfeiture documents before this Court. (*Id.* at 3.) In addition, Defendant contends that the Government violated his Fourth Amendment rights

through its "illegal search and seizure and forfeiture of items." (*Id*.)

The Government responds that Defendant did receive notice of the administrative forfeiture, which occurred on December 17, 2003. (Gov't Resp. 2, ECF No. 338.) In an affidavit attached by the Government to its response, Pearl A. Fanelli, a Supervisory Paralegal Specialist with the Forfeiture and Seized Property Unit of the Federal Bureau of Investigation ("FBI"), states that personal, written notice was sent to Defendant regarding the FBI's seizure of and intent to forfeit Defendant's property. (Fanelli Decl. ¶ 3, ECF No. 338-1.) The Government mailed notice directly to Defendant at the Federal Detention Center ("FDC") in Philadelphia, where Defendant was detained. (Fanelli Decl. ¶ 3 ("Personal notice of the seizure and intent to forfeit, dated May 16, 2003, was sent to Edward Castro, Jr., Prisoner ID Number 57257-066, FCI Philadelphia, 700 Arch Street, Philadelphia, Pennsylvania 19105. The return receipt, signed illegibly, indicates that notice was received and accepted at the jail on May 19, 2003.").) In addition, the Government sent notice to Defendant by way of his attorney. (See id.)

Ms. Fanelli described how the FBI received signed return receipts indicating that the notices were received and accepted. (*Id*.) Ms. Fanelli appended copies of the various notices and returned receipts as Exhibit A to her affidavit. Moreover, Ms. Fanelli stated that, according to FBI records, no claims were filed for Defendant's property prior to the deadline date on the notices, nor did the FBI receive any petition for remission or mitigation of the forfeiture. (*Id*. at ¶¶ 6-7.) Defendant has responded that he did not receive the notices in question. (ECF No. 339.)

On February 27, 2012, this Court ordered the Government to submit evidence "from which this Court can determine whether procedures at [the FDC] were reasonably calculated to deliver notice to Defendant of the Government's intent to forfeit Defendant's property." (Order,

ECF No. 391.) On March 30, 2012, the Government submitted a series of documents which purport to establish that the FDC procedures resulted in Defendant's receipt of the notices. (Gov't Br., ECF No. 394.)

## II. STANDARD OF REVIEW

"The civil forfeiture of property that constitutes the proceeds of drug transactions is authorized by 21 U.S.C. § 881(a). When the seized property is worth $500,000 or less, the government may use the administrative forfeiture process governed by the customs laws; this process entails no judicial involvement." *United States v. McGlory*, 202 F.3d 664, 669 (3d Cir. 2000) (en banc). The statutory notice requirements include sending written notice "to any party known to have an interest in the property." *Id*. at 669-70 (citing 19 U.S.C. § 1607(a)).

Federal district courts retain jurisdiction "to review whether an administrative forfeiture satisfied statutory and due process requirements." *Id*. at 670. "A district court has jurisdiction to consider a claim that a person received inadequate notice of completed administrative forfeiture proceedings, notwithstanding that the claim was styled as a Rule 41(e) motion and filed after criminal proceedings had been completed." *Id*. However, district courts otherwise lack jurisdiction to review such administrative forfeiture proceedings. *Id*.

"At a minimum, due process requires that when a person is in the government's custody and detained at a place of its choosing, notice of a pending administrative forfeiture proceeding must be mailed to the detainee at his or her place of confinement." *Id*. at 674. If the Government "wishes to rely on direct mail, it bears the burden of demonstrating that procedures at the receiving facility were reasonably calculated to deliver the notice to the intended recipient." *United States v. One Toshiba Color Television*, 213 F.3d 147, 150 (3d Cir. 2000).

3

"Due process does not require an infallible method of giving notice." McGlory, 202 F.3d at 673. The Government need not make "heroic efforts" in order to satisfy due process requirements. *Dusenbery v. United States*, 534 U.S. 161 (2002).

III.   DISCUSSION

The Government claims that the procedures which were in place at the FDC in May 2003 "were 'reasonably calculated to deliver notice to Defendant of the Government's intent to forfeit Defendant's property,'" and that "Castro in fact received the notice in question." (Gov't Br. 5.) These procedures are detailed extensively in a 2002 Operations Memorandum, prepared by the United States Bureau of Prisons ("BOP"), on the subject of "Inmate Certified Mail Procedures." (Gov't Br. Ex. A.) Noting that "[j]udicial and legal notices are routinely sent to inmates by certified mail," this Memorandum sought to "strengthen [BOP] procedures for documenting and preserving evidence of certified mail delivery to inmates." (Operations Mem. 12.)

The Operations Memorandum requires that mail room staff "maintain a certified mail log to document all incoming inmate certified mail." (*Id*.) BOP regulations require that the log include, at minimum, information about the date the certified mail was received, the certified mail registration numbers, and the signatures of the inmate receiving the mail and the staff member responsible for delivering the mail to the inmate. (*Id*. at 13.)

The Government has submitted an affidavit sworn by Darrin Howard, Attorney Advisor at the FDC. (Howard Aff., Gov't Br. 7-9.) According to Howard, the FDC complied with the procedures established in the Operations Memorandum and Mail Management Manual. (Howard Aff. ¶ 2.) The FDC maintained certified mail logs to ensure that all incoming certified mail was catalogued and delivered to inmates, and that inmates personally signed for the certified letters

addressed to them. (*Id*. at ¶ 3.) Howard further noted that he had inspected those logs and determined that certified mail had been received for Defendant and transmitted to him. (*Id*. at ¶¶ 5-7.)

Although the Government is not required to show that the inmate actually received the notices, it is clear that in this case Defendant did receive them. The Government has included, in its most recent response, a copy of the FDC's certified mail registry. (Gov't Br. Exs. C-D.) According to the registry, an employee of the FDC signed for the notices on May 19, 2003. (*See* Gov't Br. Ex. C.) Defendant then signed the registry, confirming his receipt of five certified letters from the Department of Justice. (*See* Gov't Br. Ex. D.) Defendant's claim that he never received notice of the Government's intention to forfeit his property lacks merit.

The Government has satisfied its burden, and has shown that the FDC's procedures in May 2003 were reasonably calculated to ensure that certified mail would reach Defendant during his imprisonment. We conclude that Defendant did receive proper notice under the FDC's procedures. Accordingly, this Court lacks jurisdiction to further review Defendant's Motion.

IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion is denied.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

5